IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN STRACK,

    Petitioner,   No. CIV S-07-0580 RRB DAD P

    vs.

ROSEANNE CAMPBELL, Warden,

    Respondent.   FINDINGS AND RECOMMENDATIONS

                          /

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 12, 2007, the undersigned ordered respondent to respond to the petition. On May 24, 2007, respondent filed a motion to dismiss on the grounds that petitioner's habeas petition is time-barred under AEDPA, petitioner does not state claims subject to federal review, and petitioner failed to exhaust his state remedies. On June 13, 2007, petitioner filed a timely opposition to respondent's motion to dismiss.

**BACKGROUND**

    On August 9, 1994, Correctional Officer Branecki searched petitioner's cell and found a document that allegedly described how to circumvent the inmate telephone procedure at CSP-Solano. (Pet. at 5, Exs. 1 & 2.) Officer Branecki determined that the document was generated by a computer at petitioner's job site and issued petitioner a rules violation report for

1

misuse of state property. (Id., Ex. 1.) Petitioner maintained that he received the document from Ms. Melissa Frakes, the editor of a prison information newsletter at the time. (Id., Exs. 2 & 5.) According to Ms. Frakes, the document informed prisoners about a prison plan designed to "rip-off" family members of inmates by installing a fifteen minute time limit on telephone calls and advised them how to save money by not falling prey to this plan. (Id., Ex. 5.) On August 28, 1994, prison officials found petitioner guilty of the rules violation and assessed him thirty days loss of time credits. (Id. at 5, 7, Ex. 1.)

Over seven years later, on August 30, 2001, petitioner filed a CDC 602 because he had been informed that he could not receive computer clearance due to the 1994 rules violation conviction on his record. (Id. at 7.) Petitioner requested that the rules violation be dismissed and removed from his file. (Id.) On May 17, 2002, petitioner received the director's level decision, stating that the prison officials' guilty finding was upheld. (Id. at 7-8.)

After receiving the director's level decision, petitioner alleges that he tried to contact Ms. Frakes. (Pet. at 8.) However, petitioner alleges that she had moved, and he had no way of finding her new address. (Id.) In September 2005, petitioner came across Ms. Frakes' name in a prisoners' rights publication. (Id.) Petitioner contacted her and explained what had happened. (Id.) Petitioner also obtained a declaration from Ms. Frakes signed under penalty of perjury in which she stated that she sent petitioner the document that resulted in his rules violation conviction. (Pet., Ex. 5.)

On November 28, 2005, petitioner filed a second CDC 602 to which he attached Ms. Frakes' declaration. Prison officials "screened out" the appeal, rejecting it as untimely. (Pet. at 8.) Petitioner resubmitted the appeal, arguing that there was no time limit on the submission of new evidence. (Id.) On December 14, 2005, prison officials again "screened out" the appeal and informed petitioner that he had exhausted his administrative remedies and could now initiate any court action he deemed necessary. (Id.)

/////

On January 11, 2006, petitioner filed a petition for writ of habeas corpus in the Amador County Superior Court, challenging the decision to deny him computer clearance and the opportunity for a computer-related prison job. (Resp't's Mot. to Dismiss, Ex. A.) On May 2, 2006, the Superior Court denied the petition as untimely. (Pet., Ex. 7.) The Superior Court also found that petitioner had failed to state a claim because he did not have a constitutionally-protected right to a job in prison and that the decision by prison officials to remove him from the waiting list for a computer-related job was not arbitrary or capricious. (Id.)

On June 6, 2006, petitioner filed a petition for a writ of habeas corpus with the California Court of Appeal for the Third Appellate District. (Resp't's Mot. to Dismiss, Ex. B.) Therein he alleged that his Superior Court petition was timely-filed, his inmate appeal challenging the disciplinary decision was wrongly denied, the improper disciplinary decision resulted in his transfer from a Level III institution to a Level IV institution, and he is not guilty of the 1994 disciplinary charge. (Id.) On July 27, 2006, the Court of Appeal summarily denied the petition. (Pet., Ex. 8.)

On October 19, 2006, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (Resp't's Mot. to Dismiss, Ex. C.) Petitioner raised the same claims that he raised in his petition filed with the California Court of Appeal. (Id.) On February 7, 2007, the California Supreme Court summarily denied petitioner's petition.

Petitioner filed the instant petition on March 26, 2007.

**RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss on the grounds that: (1) petitioner's habeas petition is time-barred under AEDPA; (2) petitioner does not state any claims subject to federal review; and (3) petitioner failed to exhaust his state remedies.

First, respondent argues that petitioner's habeas petition is time-barred under AEDPA. (Resp't's Mot. to Dismiss at 5.) Respondent contends that AEDPA applies to the instant petition, filed March 26, 2007. (Id.) Respondent further argues that petitioner filed the

3

1  instant petition beyond the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) & (2).
2  (Id. at 5-6.)  Accordingly, respondent contends that the court should dismiss this action.  (Id. at
3  8.)
4          Petitioner alleges that he discovered the "factual predicate" of his claim arising
5  from the rules violation report on November 28, 2005, and that his inmate appeal regarding that
6  claim was completed on December 2, 2005.  (Resp't's Mot. to Dismiss at 5.)  Based on
7  petitioner's allegations, respondent contends that the one-year limitations period began to run no
8  later than December 3, 2005, the day after prison officials screened out petitioner's inmate appeal
9  as untimely.  (Id.)  Petitioner filed his federal petition on March 26, 2007, 479 days later.
10 Accordingly, respondent concludes that without tolling the instant petition is untimely.
11         Respondent acknowledges that AEDPA allows for tolling during the pendency of
12 a properly filed state court petition.  (Resp't's Mot. to Dismiss at 5.)  State petitions, however,
13 will only toll the one-year limitations period if the state court explicitly states that the petition
14 was timely or it was filed within a reasonable time.  (Id.)  When a state court concludes that a
15 petition is untimely, a prisoner is not entitled to tolling of the time his improperly filed state court
16 petition was pending.  (Id. (citing Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).)
17         Here, respondent argues that the Amador County Superior Court's decision was
18 the state courts' only reasoned decision related to petitioner's 1994 disciplinary hearing and rules
19 violation conviction .  (Resp't's Mot. to Dismiss at 5.)  The Superior Court found that the
20 petition was untimely.  (Id.)  Respondent argues that, under the look-through doctrine, the Court
21 of Appeal and the California Supreme Court's summary denials are deemed to rest on the same
22 grounds as the Superior Court's decision.  (Id.)  Accordingly, respondent concludes that the
23 petitioner is not entitled to statutory tolling while any of his state court petitions were pending
24 and that his federal petition is untimely as a result.  (Id.)
25         Respondent next argues that the instant petition should be dismissed for failure to
26 raise any cognizable federal habeas claims.  (Resp't's Mot. to Dismiss at 6.)  Respondent argues

4

that federal habeas corpus relief is not available to address prisoner complaints regarding the conditions of their confinement. (Id.) Respondent notes although petitioner alleges that, as a result of the 1994 disciplinary decision, he was assessed a thirty-day credit loss, he is serving an indeterminate prison term. (Id.) A prisoner sentenced to an indeterminate term is eligible for release on parole only after the Board of Parole Hearings finds him suitable for parole. (Id.) Respondent argues that petitioner has failed to allege how the 1994 disciplinary decision impacts either the Board's consideration of his parole suitability or the fact or duration of his confinement. (Id.) Accordingly, respondent concludes that petitioner has not raised claims cognizable under § 2254. (Id.)

Finally, respondent argues that the petition should be dismissed as presenting unexhausted claims. (Resp't's Mot. to Dismiss at 6.) In this regard, respondent argues that AEDPA requires petitioner's federal claims be fairly presented to the state's highest courts. (Id.) In order for the state system to have that opportunity, a federal claim must have been fairly presented to the state's highest court. (Id.) Respondent contends that in his petition to the California Supreme Court, petitioner alleged only that various violations of state law constituted a denial of his federal due process rights. (Id. at 7.) Respondent argues that these claims presented to the California Supreme Court were predicated solely on state law and that simply alleging a due process right in the correct interpretation of state law cannot convert a state law claim into a cognizable federal claim. (Id.)[1] Thus, respondent asserts, even if petitioner had alleged a violation of his federal due process rights as a result of his 1994 disciplinary conviction, he did not fairly present such a claim to the California Supreme Court. In this vein, respondent contends that general statements of broad constitutional principles, such as due process, are insufficient for purposes of the exhaustion requirement. (Id.) Rather, petitioner was required to

---

[1] Respondent also argues that these claims are not based upon a right protected under the U.S. Constitution and that for this reason as well the claims presented in the pending petition are not appropriately the subject of review by the federal courts.

describe both the operative facts and the federal legal theory that are the basis for his federal claim. (Id.) Absent of a description in his state petitions of how respondent allegedly violated his rights under federal law, petitioner did not comply with the fair presentation requirement and his petition should be dismissed as presenting unexhausted claims. (Id.)

## PETITIONER'S OPPOSITION

In response, petitioner argues that: (1) his petition contains exhausted claims; (2) he has presented federal constitutional claims that are subject to habeas review by this court; and (3) his petition was timely filed under AEDPA. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1.)

First, petitioner argues that he exhausted the claims presented in his federal petition. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.) In this regard, petitioner contends that he presented his due process claim to the Amador County Superior Court, the California Court of Appeal for the Third Appellate District, and the California Supreme Court. (Id.) The courts accepted and considered his claims. (Id. at 5.) Accordingly, petitioner contends that he satisfied the exhaustion requirement. (Id. at 3.)

Second, petitioner argues that federal courts can overrule the prison's grievance system determination that a prison grievance is untimely. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.) Petitioner contends that federal courts have ruled in favor of prisoners who have demonstrated "mitigating circumstances" for filing a late grievance. (Id.) Petitioner also clarifies that the "computer clearance" he seeks is not merely about a prison job. (Id. at 4.) Rather, computer clearance would allow petitioner access to schooling, vocation, and any prison job that has a computer in the work area. (Id.)

Finally, petitioner argues that he did not fail to timely file his federal petition under the AEDPA's one-year statute of limitations. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4.) He contends that the AEDPA allows for tolling of the statute of limitations during the pendency of a properly filed state court petition. (Id.) Petitioner argues that the state courts accepted his habeas petitions, ruled on them and at no time determined that his petitions were not

properly filed.  (Id.)  Accordingly, petitioner contends that his federal habeas petition is timely. (Id.)

Petitioner requests that the court deny the pending motion to dismiss, grant his petition for writ of habeas corpus, and order that the 1994 rules violation conviction be removed from his file with a finding of not guilty.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 5-6.) Petitioner also requests an evidentiary hearing.  (Id. at 5-6.)

## ANALYSIS

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

/////

/////

28 U.S.C. § 2244(d). The AEDPA one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In Redd, a California state prisoner challenged the parole board's determination that he was unsuitable for parole. The district court dismissed the prisoner's federal habeas petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day." Redd, 343 F.3d at 1080. The Ninth Circuit affirmed, explaining that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." Redd, 343 F.3d at 1082. The Ninth Circuit concluded:

/////

/////

/////

> We agree with the district court that the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998. Redd does not dispute that he received notice of the Board's decision on December 7. The limitations period therefore began to run the following day.

Id.

The Ninth Circuit also noted in Redd that four other federal courts of appeals had held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. Id. at 1082 n.8 (citing Wade v. Robinson, 327 F.3d 328, 332 (4th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 280 (2d Cir. 2003); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002)). The Ninth Circuit observed that three of those four courts had decided that the AEDPA statute of limitations begins running in such cases on the date the administrative decision becomes final. Id. at 1084 (citing Wade, Cook, and Burger).[2]

> Subsequently, the Ninth Circuit decided what it had assumed in Redd: § 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges a pertinent administrative decision rather than a state court judgment.

Shelby, 391 F.3d at 1062-63 (citation omitted). The Ninth Circuit again cited the decisions in Cook, Wade, and Kimbrell, finding them consistent with the language of AEDPA, rules of statutory construction, and purposes of the AEDPA. Id. at 1063. The court considered and rejected the Seventh Circuit's rule that the limitation period does not apply to petitions contesting administrative decisions. Id. at 1063-65 (discussing Cox v. McBride, 279 F.3d 492, 493-94 (7th Cir. 2002)). The Ninth Circuit then affirmed the dismissal of Shelby's habeas petition as untimely because he had challenged a prison disciplinary decision that resulted in loss of good

/////

---

[2] Only the Fifth Circuit has held that the limitations period begins to run "when the initial administrative decision is made, before any administrative appeals." Redd, 343 F.3d at 1084 n.11 (citing Kimbrell, 311 F.3d at 363-64).

9

time credits but failed to file his federal petition within a year after his administrative appeal was denied. Id. at 1062.

In the habeas petition pending before this court, petitioner claims that: (1) newly discovered evidence demonstrated that he was innocent of the 1994 rules violation charge; and (2) his due process rights were violated when prison officials rejected his CDC 602 presenting this newly discovered evidence. (Pet. at 5.) As detailed above, all of petitioner's claims presented in this court stem from the 1994 rules violation report. (Id., Exs. 1. & 2.) Petitioner sought to have that 1994 disciplinary conviction reversed on two occasions. First, in 2001, after prison officials denied petitioner computer clearance, he filed a CDC 602 and pursued it to the highest level of review under the prison grievance system to no avail. (Id., Ex. 3.) Approximately four years later, in 2005, petitioner filed a second CDC 602 relying on new evidence in the form of a declaration from Ms. Frakes. (Id., Exs. 5 & 6.) On December 2, 2005, prison officials "screened out" his grievance and rejected it as untimely. (Id., Ex. 6.) Petitioner resubmitted the grievance, reiterating that he was now in possession of new evidence demonstrating his innocence. (Id.) Prison officials returned the appeal to petitioner a second time, explaining that petitioner had exhausted his administrative remedies and could now initiate any court action he wished to pursue. (Id.) The screening notice also stated that any further appeal regarding the 1994 rules violation conviction or his computer clearance would not be accepted by prison officials. (Id.)

Based on this chronology, the court finds that December 2, 2005, the day prison officials "screened out" and rejected petitioner's second grievance challenging his 1994 disciplinary conviction as untimely is the earliest "date on which the factual predicate of the claim or claims presented could have been discovered." 28 U.S.C. § 2244(d)(1)(D). Accordingly, absent tolling, petitioner had one year from December 3, 2005 to file his federal petition. Cf. Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same).

III. Application of § 2244(d)(2)

As both parties recognize, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

However, a petitioner is only entitled to tolling for those time periods during which his "properly filed" state habeas petitions were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (habeas petition rejected by state court as untimely was not "properly filed" for purposes of statutory tolling); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007). When a state post-conviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)). See also Carey, 536 U.S. at 226. In Thorson v. Palmer the Ninth Circuit held that a state habeas corpus petition denied with citation to " the very page of Robbins that sets forth 'the basic analytical framework' governing California's timeliness determinations in habeas corpus proceedings" was a clear ruling that the state petition was untimely and therefor not properly filed. 479 F.3d at 645. Id.

Here, petitioner filed his first state habeas petition in the Amador County Superior Court on January 11, 2006. The court denied the petition as untimely filed, citing the California
/////

Supreme Court decisions in In re Robbins, 18 Cal. 4th 770, 778 (1988) and In re Clark, 5 Cal. 4th 750, 759 (1993). (Pet., Ex. 7.) Specifically, the court explained that:

> Petitioner has failed to plead, with the requisite specificity, the reason for the substantial delay of over four years in bringing the instant petition. He failed to demonstrate that the information regarding Ms. Frakes could not have reasonably been obtained earlier. Therefore, the instant petition is deemed untimely.

(Pet., Ex. 7.)

Subsequently, the California Court of Appeal and the California Supreme Court denied petitioner's second and third petitions without comment or citation. (Pet., Exs. 8 & 9.) These are "unexplained orders," i.e., "an order whose text or accompanying opinion does not disclose the reason for the judgment." Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991). When confronted with a state court's unexplained order, the federal court applies the following presumption: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Id. at 803. See also Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). In applying this look-through presumption, unexplained orders are given no effect. Id. at 804.

This court has "looked through" the California Court of Appeal and California Supreme Court's unexplained orders to the Superior Court's order and determined that the state courts found petitioner's initial state habeas petition to be untimely as a matter of state law.[3] Under the decisions in Pace and Bonner such a ruling by the state courts is the end of the matter for purposes of determining timeliness under § 2244(d)(2). Accordingly, in this case petitioner is not entitled to any period of statutory tolling. Because more than one year had run on the statute of limitations from the rejection of petitioner's second administrative grievance challenging the

---

[3] Although the Superior Court also addressed the merits of the petition, that is of no consequence for purposes of statutory tolling. See Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005) ("[n]either does the fact that the superior court also denied Bonner's petition on the merits save his petition."); see also Carey v. Saffold, 536 U.S. 214, 226 (2002) (if a state court rules a delay is unreasonable, that is the end of the matter, regardless of whether the court addresses the merits of a claim or whether a timeliness ruling is "entangled" with the merits).

1 disciplinary conviction on December 2, 2005, until the filing of his federal petition on March 26,
2 2007, his federal habeas petition was untimely filed.

Under these circumstances, the court finds that petitioner's federal petition is time-barred. Respondent's motion to dismiss should therefore be granted, and this action should be dismissed with prejudice.[4]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that respondent's May 24, 2007 motion to dismiss the petition as barred by the statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stra0580.157

---

[4] The court need not address respondent's arguments regarding exhaustion and failure to state cognizable claims under § 2254 given the court's recommendation that the petition be dismissed as time-barred.